# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

| | |
|---|---|
| **FRANCIS ARAYA** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | : |
| **vs.** | : **Civil Action No.** |
| | : |
| **DEEP DIVE MEDIA LLC and** | : |
| **GAWKER MEDIA, LLC** | : |
| | : **(Document Filed Electronically)** |
| **Defendants.** | : |
| | : |
| | : |

## NOTICE OF REMOVAL

TO:   CHIEF JUDGE AND JUDGES OF THE
       UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ON NOTICE TO:

    Clerk
    General Court of Justice
    Superior Court Division
    County of Iredell
    State of North Carolina

    Christopher D. Mauriello, Esq.
    Shannon R. Fitzpatrick, Esq.
    Mauriello Law Offices, P.C.
    19810 West Catawba Avenue, Suite E
    Cornelius, North Carolina 28031
    *Counsel for Plaintiff*

    Deep Dive Media, LLC
    Attn: Eytan Elbaz, Registered Agent
    1069 Shadow Hills Way
    Beverly Hills, CA 90210

PLEASE TAKE NOTICE that defendant Gawker Media, LLC ("Gawker") hereby removes this civil action, pending in the General Court of Justice, Superior Court Division, County of Iredell, State of North Carolina, Docket No. 12CVS02286 to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332(a)(1), on the following grounds:

## INTRODUCTION

1.  This action was commenced by plaintiff Francis Araya when she filed her complaint in the General Court of Justice, Superior Court Division, County of Iredell, State of North Carolina, on September 20, 2012, which is docketed at 12CVS02286. *See* Exhibit 1 hereto.

2.  Plaintiff mailed a copy of the complaint via certified mail to Gawker, which was received by Gawker on October 2, 2012. According to Plaintiff's affidavit of service, Gawker was served with process on October 2, 2012. *See* Exhibit 1 hereto.

3.  Without conceding that any service of process has been appropriately accomplished under the law of North Carolina, the earliest purported service of process in this case occurred on October 2, 2012, when Plaintiff purports to have effected service upon Gawker by certified mail.

4.  This Notice of Removal is being filed on November 1, 2012, which is within thirty (30) days of October 2, 2012. *See* 28 U.S.C. § 1446(b) (2012); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68-69 (1996). Therefore, notice of removal is timely filed within the time required by 28 U.S.C. § 1446(b).

5.  Pursuant to 28 U.S.C. § 1446(a) copies of all process and pleadings that have been received by Gawker, together with other filings on file with the Iredell County Superior

Court are filed herewith. *See* Exhibit 1. To date, Gawker has not been served with any orders entered by the North Carolina Superior Court.

## PLAINTIFF'S CLAIMS

6.     Plaintiff alleges that on or about May 25, 2012, defendants Gawker and Deep Dive Media ("Deep Dive") published on their respective websites articles about a photograph in the 2012 edition of the Lake Norman High School yearbook. *See* Compl. ¶¶ 6 & 8. The photograph in question, according to plaintiff, showed her at her high school graduation ceremony in 2011. *Id.* ¶ 8.

7.     The headline of the article published by Deep Dive was: "Controversy Erupts After North Carolina High School Girl Flashes Crotch in Yearbook Photo." *Id.* ¶ 7.

8.     The headline of the article published by Gawker was "Female High School Student Accused of Flashing Vagina in Yearbook Photo." *Id.* ¶ 9.

9.     Plaintiff alleges that the photograph published by defendants was cropped and altered, and a black bar was superimposed over plaintiff's face and over the area where her legs were touching. *Id.* ¶ 11.

10.     Plaintiff further alleges that Deep Dive published the following statements about her and the photograph:

a.     [Plaintiff] 'flashed her naked crotch' during the graduation ceremony in 2011, taking the 'concept of doing something memorable at graduation to a whole new level; *id.* ¶ 20(a)

b.     [Plaintiff's] "private parts" appear "bright as day on page 14" of the yearbook; *id.* ¶ 20(b)

c.     "The picture in question shows nine students altogether – eight smiling or laughing, one doing her best Britney Spears impression;" *id.* ¶ 20(c)

d.     The yearbook contains "porn;" *id.* ¶ 20(d); and

e.     It was because of [plaintiff's] age that criminal charges were ruled out. *Id.* ¶ 20(e).

11.     Plaintiff alleges that Gawker published the following statements about her and the photograph:

a.     The photograph depicts a girl lifting her graduation gown; *id.* ¶ 22(a)

b.     The [plaintiff] exposed her bare genitals during the graduation ceremony in 2011; *id.* ¶ 22(b)

c.     Child pornography charges were put to rest because of the girl's age; *id.* ¶ 22(c)

d.     The yearbook is a "crotchbook;" *id.* ¶ 22(d); and

e.     Those who held on to the yearbook may be "sexually depraved," but are not "bunch of degenerate upskirting pedophiles" because the girl is over 18 years of age. *Id.* ¶ 22(e).

12.     Based on these allegations, plaintiff has asserted claims against defendants for "libel per se," "libel per quod," "libel susceptible to two interpretations," "negligent infliction of emotional distress;" and "punitive damages." *Id.* ¶¶ 31 – 56.

## GROUNDS FOR REMOVAL

13.     The present lawsuit is removable from state court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

14.     This Court has jurisdiction over the claims in this case because there is complete diversity between plaintiff and defendants, and because the amount in controversy exceeds $75,000. *See* 28 U.S.C.§ 1332(a)(1) (2012).

15.     Plaintiff alleges that she "is a citizen and resident of the town of Mooresville, Iredell County, North Carolina." *See* Compl. ¶ 1.

16.     Plaintiff alleges that Deep Dive "is a limited liability company registered and with a principal place of business in California." *See* Compl. ¶2. Upon information and belief, Deep

Dive is indeed organized under the laws of California and its only two members are California residents. There are no members of this limited liability company that are citizens of North Carolina. *See* Declaration of Jesse Ma dated October 31, 2012 ("Ma Decl.") ¶4.

17. Plaintiff alleges that Gawker "is a limited liability company registered in Delaware with a principal place of business in New York." *See* Compl. ¶3. Gawker is indeed organized under the laws of Delaware with its principal place of business in New York. There are no members of this limited liability company that are citizens of North Carolina. The only member is Gawker Media Group, Inc., a Cayman Islands corporation. *See* Ma Decl. ¶5.

18. There are no other parties named in Plaintiff's lawsuit.

19. Removal is proper because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). By statute, district courts have jurisdiction over all civil actions when the amount in controversy exceeds $75,000, excluding interest and costs, and the dispute is between (1) citizens of different states, (2) citizens of a state or citizens or subjects of a foreign country, (3) citizens of different states and citizens who are subjects of a foreign country are additional parties; or (4) a foreign country is a plaintiff and a citizen of a state or different states. 28 U.S.C. § 1332(a).

20. Complete diversity of citizenship exists in this case because no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). The plaintiff is a citizen of North Carolina and the only named defendants are alleged to be citizens of different states, in this case California, Delaware or New York.

21. The amount in controversy exceeds $75,000 excluding interest and costs. 28 U.S.C. § 1332(a). This is clear from the relief sought in the Complaint, which alleges three different types of defamation against the young woman by each of the named defendants, not to mention a joint claim for negligent infliction against both defendants. The Complaint

specifically alleges the appropriateness of punitive damages, *see* Compl. ¶¶53 -56 and specifically prays for relief, among other things, that the plaintiff "recover from [both] Defendants punitive damages."

22.     In her complaint, plaintiff has demanded "a sum in excess of" $10,000 in damages, which is the minimum required under North Carolina law to invoke jurisdiction of the Superior Courts.  N.C. Gen. Stat. §7A-243 (2012).  In a letter sent to Gawker on August 9, 2012, plaintiff "assigned a range of $100,000 - $250,000 for a jury's consideration of the damages stemming from [plaintiff's] claims," and demanded $300,000 to resolve the case.  Ma Decl.  ¶2.

23.     Therefore, jurisdiction is proper in this Court notwithstanding the plaintiff's bare pleading of the much lower $10,000 N.C. Superior Court jurisdictional threshold.  Under 28 U.S.C. § 1446(c)(2)(A)(ii), "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that (A) the notice of removal may assert the amount in controversy if the initial pleadings seeks . . . (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C § 1446(c)(2)(A)(ii) (2012).

## CONSENT AND NOTICE

24.     Upon information and belief, defendant Deep Dive has not been served with process.  Nevertheless, Deep Dive has consented to removal of this action.  Ma Decl. ¶3, Exhibit 2 thereto (Certificate of Consent to Removal).

25.     The United States District Court for the Western District of North Carolina is the appropriate place for a case removed from the Iredell County Superior Court.  28 U.S.C. § 113(c) (2012).

26.     Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the General Court of Justice, Superior Court Division, County of Iredell, State of North Carolina. *See* Exhibit 3 (true and correct copy of Notice of Removal to be filed in the Superior Court, Iredell County).

WHEREFORE, notice is given that this action is removed from the General Court of Justice, Superior Court Division, State of North Carolina, County of Iredell, Docket No. 12CVS02286, to the United States District Court for the Western District of North Carolina.

This the 1st day of November, 2012.

RAYBURN COOPER & DURHAM, P.A.


   s/James B. Gatehouse
James B. Gatehouse, Esq.
N.C. State Bar No. 22811
Ross R. Fulton, Esq.
N.C. State Bar No. 31538
Suite 1200, The Carillon
227 West Trade Street
Charlotte, NC  28202
(704) 334-0891

*Attorneys for Defendant Gawker Media, LLC*

*Of Counsel:*

Cameron Stracher, Esq.
Litigation Counsel
Gawker Media
210 Elizabeth Street
New York, NY 10012
Phone:  (212) 743-6513
cameron@gawker.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on this date by mail upon:

Christopher D. Mauriello
Shannon R. Fitzpatrick
19810 West Catawba Avenue, Suite E
Cornelius, NC 28031

Deep Dive Media, LLC
Attn: Eytan Elbaz, Registered Agent
1069 Shadow Hills Way
Beverly Hills, CA 90210

This the 1st day of November, 2012.

_s/James B. Gatehouse___
James B. Gatehouse