IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No. 5:12-CV-163-RLV-DCK

| | |
|---|---|
| FRANCIS ARAYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEEP DIVE MEDIA, LLC and | ) |
| GAWKER MEDIA, LLC, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to the following protective order, and respectfully move the Court for its entry:

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to discovery in this action, produced by or on behalf of any party or non-party in this action ("Discovery Material"). It is contemplated and agreed that non-parties may invoke the provisions of this Order and that the parties will treat any non-parties' Discovery Material designated by them as CONFIDENTIAL MATERIALS (as defined below) of non-parties, which information is designated as such, in accordance with the terms of this Order.

2. As used herein, "Producing Party" shall refer to any party to this action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to CONFIDENTIAL MATERIALS pursuant to this Protective Order.

3. The Producing Party may in good faith designate Discovery Material as

CONFIDENTIAL documents or things containing sensitive information by marking the material accordingly. Examples of CONFIDENTIAL MATERIALS include non-public business, financial or personal information, medical records and/or information the disclosure of which is likely to cause significant harm to the privacy interests of an individual or to the business, financial or competitive commercial position of a party or non-party, including without limitation unpublished information generated or gathered in the course of news gathering and reporting. A party or non-party shall not routinely designate Discovery Material as CONFIDENTIAL, or to make such a designation for particular information without inquiry to determine whether it qualifies for such designation.

4. For all materials which a party or a non-party wishes to designate as CONFIDENTIAL, such designation shall be made by marking each page of such material with the word "CONFIDENTIAL." CD ROMs, recordings or other documents which may be impractical to designate in such a fashion may be labeled CONFIDENTIAL in any manner reasonably sufficient to give notice of their protected nature. All deposition transcripts that are designated CONFIDENTIAL, in whole or in part, shall be prominently marked CONFIDENTIAL on the cover or relevant pages thereof, as appropriate to give sufficient notice.

5. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to information which (a) is, at the time of disclosure by the Producing Party, already in the possession of the Receiving Party and was not acquired from the Producing Party; and/or (b) has been made available to the recipient by a third party who obtained the same without any obligation of confidence to the Producing Party. In addition, nothing in this Order shall be construed to prevent a party or non-party from possessing, using, and/or publishing as they see fit any information or materials that they receive, derive or develop

from sources independent of CONFIDENTIAL information produced by a party or non-party. Furthermore, nothing in this Order is intended to preclude the Producing Party from making any use of its own CONFIDENTIAL information.

6. Testimony taken at a deposition may also be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition. Arrangements shall be made with the Court Reporter to label such portions of the deposition appropriately. Efforts shall be made to designate information as CONFIDENTIAL during the deposition if possible, but a party may designate portions of the transcript of depositions after transcription. Upon receipt of each transcript, the entire transcript shall be deemed CONFIDENTIAL for a period of fourteen (14) days, during which time a party or non-party may designate specific portions of the transcript. After the fourteen-day period, the entire transcript, except for those portions specifically designated as CONFIDENTIAL, either during the deposition or during the fourteen-day period after receipt of the transcript, shall be deemed non-confidential.

7. A party requesting the production of documents for use in this lawsuit from a non-party may provide a copy of this Order to the non-party, so that the non-party will be aware of its rights hereunder. A non-party may adopt the terms of and protection available under this Order by producing Discovery Materials with a CONFIDENTIAL designation.

8. Making documents and things available for inspection shall not constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to the Receiving Party without any CONFIDENTIAL identification shall constitute a waiver of any claim of confidentiality, except where such delivery results from inadvertence or mistake on the part of the Producing Party. Upon written notice that CONFIDENTIAL MATERIAL was inadvertently or mistakenly produced, and upon receipt of properly marked

documents, the Receiving Party shall return said unmarked documents and things and not retain copies, summaries or notes thereof and shall treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

9. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material so designated shall be used only for the purpose of the prosecution, defense, or settlement of this action.

10. Information designated as CONFIDENTIAL shall be made available only to (a) the parties in this action; (b) counsel for the parties (including employees of counsel) and third parties engaged in this action by counsel or the parties including but not limited to any experts or consultants; (c) insurers for the parties; (d) employees of a party insofar as such individuals have responsibility for assisting counsel in this action; (e) the Court and its personnel, as well as Court Reporters or mediators used by the parties in this action and (f) deposition witnesses in this action

11. Each person to whom CONFIDENTIAL information is disclosed shall be advised of this Order. In addition, third parties engaged consistent with paragraph 10(b), whose advice and consultation are used by a party in connection with this action, may have access to CONFIDENTIAL MATERIALS provided that the disclosure of such information to them shall be made only on condition that each such expert or consultant first sign a Nondisclosure Agreement in the form of **Exhibit A** hereto.

12. Copies of CONFIDENTIAL MATERIALS and their contents, shall not be disclosed or made public unless they become part of the public record of this action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other

than this Court and other persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order.  Nothing in this Protective Order shall prohibit the disclosure of any CONFIDENTIAL MATERIALS to comply with an order of a court in any proceeding wherein the order directs the disclosure of such CONFIDENTIAL MATERIALS.  Prior to any such disclosure pursuant to a court order in another proceeding, the party required by the court to disclose the CONFIDENTIAL MATERIALS will provide fourteen (14) days' notice to the party who produced the CONFIDENTIAL MATERIALS, or as much notice as reasonably possible.

13. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with this action, they shall be filed under seal in compliance with applicable ECF policies and the Local Rules governing the filing of sealed materials, including Local Rule 6.1.  Even if the filing party believes that the materials subject to the Order are not properly designated, the filing party shall file the sealing motion required by the Local Rules; provided, however, that the filing of the sealing motion shall be without prejudice to the filing party's rights under this Order to otherwise challenge the designation of confidentiality.

14. Nothing in this Protective Order shall require disclosure of material which the Producing Party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or is not subject to production on the basis of some other objection.  Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or is otherwise protected from discovery and no party or non-party witness shall be held to have waived any rights by such inadvertent production.

15. Notwithstanding the foregoing, the Producing Party shall assert any such privilege or other claim promptly upon discovery of its inadvertent production by notifying the recipient

of the document of its claim in writing. Upon receipt of such notice, the recipient shall return all copies of the document or information to the Producing Party. Nothing in this Protective Order shall preclude a Receiving Party from contesting, by motion or otherwise, whether any material inadvertently produced is properly subject to production and/or privileged.

16. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such materials are, in fact, confidential. A party objecting to the designation of documents or material as CONFIDENTIAL shall provide written notice of the objection to the Producing Party prior to seeking intervention of the Court. The notice shall state with specificity the documents or materials objected to. If the dispute cannot be resolved, the party challenging the designation may seek relief from the Court. The filing of such a motion will result in the documents or materials specified in the notice being maintained as CONFIDENTIAL pending determination of the matter by the Court or resolution by the parties. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. If the party challenging the designation declines to make such a motion, however, the material shall remain as designated as by the Producing Party.

17. Entering into, agreeing to and/or complying with the terms of this Order shall not: (a) prejudice in any way the rights of any party to object to the production of documents or information it considers not properly subject to discovery, or to seek a determination whether particular discovery materials must be produced or disclosed; and/or (b) prevent a party from redacting information upon an assertion of privilege or some other objection from documents or information otherwise produced with a CONFIDENTIAL designation.

18. After final termination of this action, each Receiving Party shall, unless otherwise instructed by the Producing Party, destroy all documents of the Producing Party designated as CONFIDENTIAL in its possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing includes or reflects receiving counsel's work product), and provide written notice of same to counsel for the Producing Party. The obligation to return all designated information similarly applies to any individual or entity, including without limitation experts or consultants, retained, hired or employed by the recipient party. This Order shall survive the final termination of this action with respect to CONFIDENTIAL MATERIALS which are not destroyed, if any.

19. With respect to any CONFIDENTIAL MATERIALS filed under seal with the Court, the ultimate disposition of such materials is subject to a final order of the Court upon the termination of the litigation.

20. The entry of this Order shall not deprive any party of its right to object to discovery on any permitted ground, nor impair the right of any party to raise or assert any defense, privilege or objection including, without limitation, defenses or objections to the discovery or production of documents, information, or testimony or to the use, relevance or admissibility of any evidence, whether or not that evidence is comprised in whole or in part of information designated pursuant to this Order. In addition, this Order shall not prevent any party or non-party from applying to the Court for additional protective orders, or from applying for permission to modify the terms of this Order as entered. The entry of this Order is without prejudice to any party's right to move at a later time for another protective order for any purpose.

**AGREED**:

| | |
|---|---|
| /s/ Thomas Curley<br>Seth D. Berlin, Admitted Pro Hac Vice<br>D.C. Bar No. 433611<br>Thomas Curley, Admitted Pro Hac Vice<br>D.C. Bar No. 473798<br>LEVINE SULLIVAN KOCH & SCHULZ, LLP<br>1899 L Street, N.W., Suite 200<br>Washington, DC 20036 | /s/ Christopher D. Mauriello<br>Christopher D. Mauriello, Esq.<br>N.C. State Bar No. 25211<br>Shannon R. Reid, Esq.<br>N.C. State Bar No. 42827<br>MAURIELLO LAW OFFICES, P.C.<br>19810 W. Catawba Ave., Suite E<br>Cornelius, NC 28031<br><br>*Attorneys for Plaintiff*<br>*Francis Araya* |
| /s/ Alice C. Richey<br>Alice Carmichael Richey<br>ALICE CARMICHAEL RICHEY, PLLC<br>N.C. State Bar No. 13677<br>2820 Selwyn Avenue, Suite 420<br>Charlotte, NC 28209<br><br>*Attorneys for Defendant Gawker Media, LLC* | /s/ Arcangela M. Mazzariello, Esq.<br>Arcangela M. Mazzariello, Esq.<br>N.C. State Bar No. 23846<br>THE LAW OFFICE OF ARCANGELA M. MAZZARIELLO<br>402 S. Broad Street<br>Gastonia, NC 28054<br><br>*Attorney for Defendant*<br>*Deep Dive Media, LLC* |

**IT IS SO ORDERED.**

Signed: February 3, 2014

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear and affirm that I have read and am familiar with the terms of the Stipulated Protective Order dated _____, and entered in *Francis Araya v. Deep Dive Media, LLC and Gawker Media, LLC*, Civil Action No. 5:12-CV-00163, pending in the United States District Court for the Western District of North Carolina, and I agree to comply with and be bound by the terms and conditions of this Order. I agree to hold in confidence and not disclose to anyone not qualified under the Order any CONFIDENTIAL MATERIALS disclosed to me and I will limit use of CONFIDENTIAL MATERIALS disclosed to me solely for purpose of this action. I also understand that any unauthorized use or disclosure by me of CONFIDENTIAL documents, testimony and/or information would be a breach of the Order for which I may be subject to sanction by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Date

_____
Signature

_____
Printed Name

_____
Address